**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JORGE LOZANO and FERNANDO MONTOYA** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FAMILY FENCES, LTD. and TOMAS ESTRADA, individually** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs, Jorge Lozano and Fernando Montoya by and through their attorneys, Becerra Law Group, LLC, for their Complaint against Family Fences, Ltd. and Tomas Estrada, individually (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay wages and overtime wages to Plaintiffs.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C.  §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Jorge Lozano resides and is domiciled in this judicial district.

5.      Plaintiff Jorge Lozano is a former employee of Defendants; he installed fences and also drove Defendants' trucks.

6.      During the course of his employment, Plaintiff Jorge Lozano handled goods that moved in interstate commerce and performed non-exempt work.

7.      Plaintiff Fernando Montoya resides and is domiciled in this judicial district.

8.      Plaintiff Jorge Lozano is a former employee of Defendants; he installed fences and also drove Defendants' trucks.

9.      During the course of his employment, Plaintiff Fernando Montoya handled goods that moved in interstate commerce and performed non-exempt work.

10.      Defendant Family Fences, Ltd. does business within this judicial district.  Defendant Family Fences, Ltd. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11.      During the last three years, Defendant Family Fences, Ltd.'s annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

12.      Defendant Family Fences, Ltd. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

13.      Defendant Tomas Estrada is the President of Family Fences, Ltd. and is involved in the day-to-day business operations.  Among other things, Defendant Tomas Estrada has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate

2

in decisions regarding employee compensation and capital expenditures.

14.     Defendant Tomas Estrada was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

15.     Defendants operate a company that designs and installs fences.

16.     Plaintiffs Jorge Lozano and Fernando Montoya worked for Defendants until March 2017.

17.     Plaintiffs worked between 55-62 hours per week and were not paid time and a half for all hours over 40 in workweeks they worked for the Defendants.

18.     In an effort to conceal the lack of overtime pay Defendants issued two checks to the Plaintiffs.

19.     Plaintiffs were also not paid for time loading tools and materials onto Defendants' trucks prior to starting work at the job sites.

20.     As part of his duties Plaintiffs were required to drive Defendants' Ford heavy duty trucks on local streets and interstate highways.

21.      Upon information and belief, Ford trucks are not manufactured in the state of Illinois.

22.     Plaintiffs used shovels and saws to perform work for Defendants and handled materials such as iron, wood, and cement.

23.     Upon information and belief, the shovels and saws were not manufactured in the state of Illinois and the iron, wood, and cement was also brought in from outside of Illinois.

24.     As part of his duties Plaintiff was required to use the Defendants' credit cards to purchase gasoline to put in Defendants' trucks.

25.     The trucks, shovels, and saws were "materials" as defined by Section 203(s)(1)(A)(i) of the FLSA.

26.     Plaintiffs used the trucks, shovels, and saws while working as installers for the Defendants and the use of these materials subjects Defendants to enterprise coverage under the FLSA.

27.     Plaintiffs were required to travel to Indiana to pick up materials as part of their work.

28.     Plaintiffs handled iron, wood, cement, and gasoline that moved in interstate commerce.

29.     Plaintiffs were required to travel to Indiana to pick up materials and regularly conduct credit card transactions which triggers individual coverage under the FLSA.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

30.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs.

32.     Plaintiffs worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

33.     Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34.     During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

35.     Plaintiffs were directed by Defendants to work, and did work, in excess of 40 hours per week.

36.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours, they were entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

37.      Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular

hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

38.     Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.      A judgment in the amount of one and one-half times each Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.      Reasonable attorney's fees and costs incurred in filing this action; and

D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

39.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.     This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

41.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a.  Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

42.     At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

43.     During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

44. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

45. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

46. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

47. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times each Plaintiff's regular rate for all time which each Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorney's fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Fair Labor Standards Act – Minimum Wages**

48. Plaintiffs hereby reallege and incorporate paragraphs 1 through 47 of this Complaint, as if fully set forth herein.

49. This Count arises from Defendants' violation of the FLSA for their failure to pay Plaintiffs the federally mandated minimum wage for all time worked.

50. During the course of Plaintiffs' employment with Defendants, Defendants failed to compensate Plaintiffs for all hours worked.

51.     Plaintiffs were entitled to be paid at least the federal minimum wage for all time worked.

52.     Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

53.     Defendants willfully violated the FLSA by refusing to pay Plaintiffs for all hours they worked.

54.     Plaintiffs are entitled to recover unpaid minimum wages for three years prior to the filing of this suit because of Defendant's failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of unpaid wages for all hours that Plaintiffs worked and were not compensated;

B.     Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law – Minimum Wages

55.     Plaintiffs hereby reallege and incorporate paragraphs 1 through 54 of this Complaint, as if fully set forth herein.

56.     This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs for all time they worked.

57.     During the course of their employment with Defendants, Plaintiffs were not compensated for all hours worked.

58.     Defendants failed to pay the Plaintiffs  for all time worked.

59.     Defendants' failure to pay wages violated the minimum wage hour provisions of the

7

IMWL.

60.     Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A.     A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B.     Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D.     Such other and further relief as this Court deems appropriate and just.


Respectfully submitted,

Dated:  August 9, 2017                **JORGE LOZANO and FERNANDO MONTOYA**


By:  _s/Carlos G. Becerra_
       One of Plaintiff's Attorneys


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com

8